UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY LEE GRAU,

    Plaintiff,

v.                                                       Case No. 2:25-cv-200-JLB-NPM

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Terry Lee Grau initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) He generally alleges that the defendants failed to protect him from an attack by another prisoner at the Charlotte Correctional Institution. (Id.) Because Plaintiff is a prisoner and seeks leave to proceed *in forma pauperis* (Doc. 3), the complaint is subject to statutory screening. See 28 U.S.C. § 1915(e)(2)(B).

The Court has reviewed Plaintiff's complaint under section 1915(e), and for the reasons explained below, concludes that dismissal of the complaint is warranted. Plaintiff must file an amended complaint if he wishes to proceed.

### Screening Standard

A prisoner who seeks to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails

to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissals for failure to state a claim under section 1915(e)(2)(B)(ii) are largely governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). However, unlike Rule 12(b)(6), section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (explaining that section 1915(e)(2) requires preliminary review "largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11").

    Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint may not rest on " 'naked assertions[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

## Discussion

Plaintiff asserts that, on March 9, 2024, Defendant Corrections Officer Williams either inadvertently or purposefully pushed a button that unlocked his (Plaintiff's) cell.  (Doc. 1-1 at 2, 6.)  Another inmate then entered Plaintiff's cell and attacked him.  (Id. at 2–3.)  Plaintiff was transported to the emergency room and underwent surgery.  (Id. at 4.)  A metal plate was implanted in Plaintiff's head, and the ongoing effects of the attack still negatively affect his life.  (Id. at 5.)  He asserts that the defendants had an obligation to protect him from other inmates, but failed to do so.  (Id. at 2.)  He seeks one million dollars in damages caused by the defendants' neglect.  (Id.)[1]

The Court cannot—from the facts alleged by Plaintiff and understood by the Court—determine whether Plaintiff states, or could state, a constitutional claim. The Court liberally construes the complaint as seeking to raise a claim based upon the defendants' alleged failure to protect him from an attack by another inmate.

---

[1] Plaintiff's handwriting is very difficult to read.  However, the Court liberally construes and interprets the factual allegations as best it is able.  If the Court has misread or misinterpreted the complaint, Plaintiff should carefully clarify his allegations in an amended complaint.  Although the Court liberally construes *pro se* complaints, Plaintiff must keep in mind that neither the Court nor the defendants are required to read between the lines to create an actionable complaint on Plaintiff's behalf.  See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted).

3

Indeed, "a prison guard violates a prisoner's Eighth Amendment right when that guard actually (objectively and subjectively) knows that one prisoner poses a substantial risk of serious harm to another, yet fails to take any action to investigate, mitigate, or monitor that substantial risk of serious harm." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1102 (11th Cir. 2014). The objective component requires evidence that the officer "disregard[ed] [a] known risk by failing to respond to it in an (objectively) reasonable manner." Caldwell, 748 F.3d at 1099. The subjective component requires evidence that the defendant officer actually knew of a risk of harm to the plaintiff inmate. Mosley v. Zachery, 966 F.3d 1265, 1270–71 (11th Cir. 2020). This standard is one of "subjective recklessness as used in the criminal law[.]" Farmer v. Brennan, 511 U.S. 825, 839–40 (1994).

Here, Plaintiff does not explain how any defendant subjectively and objectively knew that another inmate posed a risk to Plaintiff. To the contrary, Plaintiff appears to raise a negligence claim against Defendant Williams, and negligence claims are not cognizable under section 1983. See Daniels v. Williams, 474 U.S. 327, 334 (1986) (recognizing that a "mere lack of care . . . does not implicate the Due Process Clause of the Fourteenth Amendment").

Likewise, Plaintiff names as defendants several officers who were not personally involved in the incident—presumably under a theory of respondeat superior. But there is no supervisory liability under section 1983. Without an affirmative causal connection to a constitutional violation, these officers' supervisory positions do not subject them to liability. See Zatler v. Wainwright,

4

802 F.2d 397, 401 (11th Cir. 1986). The required "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so[,]" Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's improper 'custom or policy result[s] in deliberate indifference to constitutional rights.' " Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As drafted, none of the facts alleged in Plaintiff's amended complaint show the requisite causal connection to support a respondeat superior or supervisor liability claim.

Plaintiff names the Florida Department of Corrections as a defendant. (Doc. 1 at 1.) But under the Eleventh Amendment, states and state agencies cannot be sued for monetary damages in federal court without consent. See Pennhurst State School & Hospital v. Halderman, 465 US. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought" and regardless of whether a plaintiff's claims are brought under federal or state law. Id. The Florida Department of Corrections (FDOC) is a state agency for Eleventh Amendment purposes. See, e.g., Walden v. Fla. Dep't of Corr., 975 F. Supp. 1330, 1331 (N.D.

Fla. 1996) (noting that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes"). Likewise, Plaintiff names Charlotte Correctional Institution as a defendant. But to bring a viable section 1983 action, the defendant sued must be an entity subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Specifically, the defendant in a section 1983 action must be a "person." Prisons are not possible defendants under section 1983. See 1 U.S.C. §1 (defining the word 'person' to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals[,]" but not buildings or prisons).

## Conclusion

In sum, the complaint's lack of clarity and factual development surrounding the incident at issue would make it impossible for any defendant to frame a responsive pleading. Moreover, Plaintiff names defendants who are not liable to suit under section 1983. Therefore, the complaint is dismissed under Rule 8(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff proceeds *pro se*—and because the alleged facts are too sparse for the Court to conclude that amendment would be futile—Plaintiff may file an amended complaint if he wishes to proceed. See Jenkins v. Walker, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."). Plaintiff should carefully read this Order before submitting an amended complaint because any amended complaint will, once again, be subject to screening under 28 U.S.C. § 1915(e)(2).

Accordingly, it is **ORDERED**:

1. Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted. 18 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff must file an amended complaint within **TWENTY-ONE (21) DAYS** from the date on this Order if he wishes to proceed in this action. If Plaintiff does not timely comply, the Court will close this case without further notice.

3. The **Clerk** is directed to mail Plaintiff a 42 U.S.C. § 1983 civil rights complaint form (prisoner) marked "amended" and containing this case number.

**DONE AND ORDERED** in Fort Myers, Florida, on April 9, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies: Terry Lee Grau
Encl: Prisoner civil rights complaint form